TRAVELERS INDEMNITY COMPANY, Respondent, *v.* BERT R. McDOUGALL, Defendant, and PETER T. HOOK, as Administrator of the Estate of PETER HOOK, JR., Deceased, Appellant.

Fourth Department, March 12, 1958.

*Howard D. Seld* for appellant.

*Lawrence Conboy* for respondent.

*Per Curiam.* In this action respondent insurance company sought a declaratory judgment decreeing that under the terms of its policy issued to the defendant McDougall it was not obligated to defend any future action brought against said defendant by the administrator of the deceased infant Hook and further that it would not be liable for any damages which might be awarded in such an action. The action was tried without a jury and resulted in the relief requested by the respondent.

The respondent based its action on the provisions of the policy excluding coverage for " bodily injury to  *  *  *  or death of any employee of the insured while engaged in the employment, other than domestic, of the insured ", and " any obligation for which the insured or any company as his insurer may be held liable under any Workmen's Compensation Law ". Thus the sole issue before the trial court was whether an employer-employee relationship existed between the defendant McDougall and the deceased infant Hook within the meaning of the exclusion in the policy. In arriving at its decision that such a relationship did exist the trial court excluded substantial portions of the testimony offered by the appellant. The principal issue here is whether the court in making its rulings in this connection committed prejudicial error.

In our view, in determining whether an employer-employee relationship existed, the following factors seem to be relevant and material:

" (a) the extent of control which, by the agreement, the master may exercise over the details of the work;

" (b) whether or not the one employed is engaged in a distinct occupation or business; * * *

" (f) the length of time for which the person is employed;

" (g) the method of payment, whether by the time or by the job;

" (h) whether or not the work is a part of the regular business of the employer; and

" (i) whether or not the parties believe they are creating the relationship of master and servant." (Restatement, Agency, § 220.)

At several points in the testimony appellant's attorney sought, by a series of questions, to establish the informal nature of the relationship between McDougall and the deceased infant. On many occasions his inquiries were blocked by objections from counsel for the respondent, which objections were almost uniformly sustained. Efforts to elicit testimony to determine whether the alleged employer carried workmen's compensation which covered the deceased or paid unemployment insurance or social security upon the deceased were prevented by the sustaining of respondent's objections. Furthermore, a series of questions relating to the informal nature of the relationship and, in particular, pointing to lack of control of the deceased by his alleged employer by showing that the alleged employee could come and go as he pleased, were not permitted to be answered. This thwarted the appellant's efforts to develop properly all the pertinent facts and excluded much relevant testimony which would have aided the trial court in arriving at its decision. (*Terro* v. *Sinsheimer Estate,* 256 N. Y. 398.)

The judgment for the respondent should be reversed and a new trial ordered.

All concur. Present — McCurn, P. J., Kimball, Williams, Goldman and Halpern, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.